UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                    CASE NO. 8:91-CR-301-T-17AAS

LEVINE JUSTICE ARCHER.
_____/

ORDER

This cause is before the Court on:

Dkt. 1337    First Step Memorandum
Dkt. 1339    Motion to Reduce Sentence Pursuant to the First Step
             Act of 2018
Dkt. 1343    Opposition

Defendant Levine Justice Archer moves for a sentence reduction pursuant to 18 U.S.C. Sec. 3582(c)(1)(B) and Section 404 of the First Step Act of 2018. Defendant Archer requests that his sentence be reduced to time served.

The Government opposes Defendant Archer's Motion.

1. Background

In the Superseding Indictment (Dkt. 1213-5), Defendant Archer was charged as follows:

| | |
|---|---|
| Count 1 | Conspiracy to Commit Racketeering<br>18 U.S.C. Sec. 1962(d) |
| Count 2 | Conspiracy to Commit Racketeering<br>18 U.S.C. Sec. 1962(d) |
| Count 5 | Conspiracy to Distribute Cocaine Base<br>21 U.S.C. Sec. 846 |
| Count 12 | Possession With Intent to Distribute Cocaine Base<br>21 U.S.C. Sec. 841(a)(1) |
| Count 13 | Possession With Intent to Distribute Cocaine<br>21 U.S.C. Sec. 846 |
| Count 14 | Possession With Intent to Distribute Cocaine Base<br>21 U.S.C. Sec. 841(a)(1) |

Defendant Archer was found guilty by a jury on Counts 1, 2, 5, 12 and 14. (Dkt. 1213-8). Defendant Archer was sentenced on August 18, 1993 to Life imprisonment, concurrent, and 10-year terms of supervised release, concurrent, on those Counts, and a special assessment fee of $250.00. (Dkts. 1213-12,

1213-13). The Judgment states that the sentence as to Count 5 is a statutorily mandated term of life imprisonment.

Defendant Archer was acquitted of Count 13, which was dismissed. (Dkt. 1213-16).

Prior to sentencing, Defendant Archer objected to the PSR's factual summary, his firearm enhancement, the attributable drug amount, the lack of a minor-role reduction, and the constitutionality of a life sentence.

At sentencing, Defendant Archer reiterated his objections to the PSR. The Government reiterated trial testimony that established Defendant Archer's responsibility for 72.7 kilograms of crack cocaine. Defendant Archer claimed that he was responsible for distributing 2.5 kilograms of crack cocaine for one week in 1991. The Court agreed with the Government and held Defendant Archer accountable for 72.7 kilograms. The Court found it was "very clear that [Archer] took an active role in supplying the product, preparing, securing the necessary ingredients, [and was] actively involved in the preparation of the product so that it was ready for sale by this organization." (Case No. 91-CR-299, Dkt. 284). Defendant Archer's remaining objections were overruled. (Dkt. 1330, pp. 22-31). The Court adopted the PSR's factual statements, and sentenced Defendant Archer to concurrent terms of life in prison on all counts, to be followed by concurrent 10-year terms of supervised release.

Defendant Archer's sentence and conviction were affirmed on appeal. *See United States v. Archer, et al.*, 102 F.3d 1120 (11th Cir. 1997).

Defendant Archer pursued a Section 2255 petition. (Dkts. 1005, 1096). The Court denied Defendant Archer's Amended Petition. (Dkt. 1105; Case No. 8:98-CV-2073-T-17MAP, Dkt. 6). The Eleventh Circuit dismissed the appeal of the denial after denying Defendant Archer's request for a certificate of appealability.

Defendant Archer moved for a sentence reduction pursuant to Amendment 706. (Dkt. 1222). The Court denied Defendant Archer's Motion. (Dkt. 1236). The Eleventh Circuit Court of Appeals affirmed the Order denying relief. (Dkt. 1274).

Defendant Archer moved for a sentence reduction under the Fair Sentencing Act. (Dkt. 1278). The Federal Defender was appointed to represent Defendant Archer. The U.S.

Probation Office prepared an Amendment 750 Memorandum which states that Defendant Archer is not eligible for a sentence reduction under Amendment 750, USSG Sec. 1B1.1.10 and 18 U.S.C. Sec. 3582(c)(2) because "the Court has sentenced the defendant to the shortest term of imprisonment permitted by the statute." In his Motion to Withdraw, the Federal Defender noted that, at sentencing, Defendant Archer was held accountable for 72.7 kilograms of crack, and this amount may not be relitigated in a Sec. 3582(c)(2) proceeding. *See United States v. Dillon*, 130 S.Ct. 2683 (2010). The Federal Defender further noted that, prior to trial, the Government filed a notice of prior convictions which enhanced the statutory penalty as to Count 5 against Defendant Archer to a mandatory term of life imprisonment. (Dkt. 1281, p. 2).

The Federal Defender further noted that, under Amendment 750, 72.7 kilograms of crack would result in a base offense level of 38, which applies to 8.4 kilograms of crack or more. At sentencing, two levels were added to the base offense level for firearms (PSR, par. 43); the total offense level would become 40. At sentencing, Defendant Archer was placed in Criminal History Category IV (PSR, par. 58). Under Amendment 750, Defendant Archer's guideline range of imprisonment for offense level 40, Criminal History Category IV, is 360 months to life. However, based on the quantity of crack for which Defendant Archer was held accountable and his prior felony drug convictions, Defendant Archer was still subject, pursuant to 21 U.S.C. Sec. 841(b)(1)(A), to a mandatory term of life imprisonment on Count 5. (Dkt. 1281).

The Court permitted the Federal Defender to withdraw from representation, and Defendant Archer pursued a *pro se* Motion for Reduction of Sentence under Amendment 750. (Dkt. 1283), The Court denied Defendant Archer's Motion. (Dkt. 1285).

Defendant Archer pursued another Section 2255 Petition. (Dkt. 1287). The Court denied the Petition because Defendant Archer did not fulfill the statutory requirements for a successive petition. (Dkt. 1289). Defendant Archer sought to appeal the denial. The Court denied Leave to proceed IFP. (Dkts. 1292, 1293). The Eleventh Circuit affirmed. (Dkt. 1299). The U.S. Supreme Court denied Defendant Archer's request for a writ of certiorari. (Dkt. 1302).

On June 17, 2015, Defendant Archer moved for a sentence reduction pursuant to Amendment 782, and moved for appointment of counsel. (Dkts. 1308, 1309). The Court denied Defendant Archer's request for appointment of counsel. (Dkt. 1310). Defendant Archer Appealed the denial. (Dkt. 1311). The Eleventh Circuit dismissed the appeal for want of jurisdiction. (Dkt. 1318).

Defendant Archer sought leave to pursue a successive Section 2255 Petition in the Eleventh Circuit. After reviewing Defendant Archer's PSR, the Eleventh Circuit denied leave to pursue a successive petition. (Dkt. 1325).

The Federal Defender was appointed to represent Defendant Archer for the purpose of relief under Amendment 782. The U.S. Probation Office filed an Amendment 782 Memorandum in which the Probation Office indicates that Defendant Archer is not eligible for relief under Amendment 782 because Defendant Archer was sentenced at the statutory minimum mandatory. (Dkt. 1326). The Federal Defender's Office notified Defendant Archer that the Federal Defender's Office could not argue in good faith that Defendant Archer is eligible for a sentence reduction under 18 U.S.C. Sec. 3582(c)(2) and Amendment 782, in light of the fact that Defendant Archer was sentenced to the statutory mandatory minimum for the three controlled substance offenses. (Dkt. 1333).

2. Discussion

Defendant Archer argues that Defendant Archer is eligible for a sentence reduction because Counts 5, 12 and 14 are "covered offenses" under the First Step Act of 2018. Defendant Archer argues that it is the statute of conviction which controls, and not a defendant's actual conduct. (Dkt. 1339).,

The U.S. Probation Office filed a First Step Memorandum which indicates that Defendant Archer is ineligible for relief because the retroactive application of the Fair Sentencing Act does not reduce the applicable penalties. The U.S Probation Office notes that due to the amounts of cocaine base associated with each Count, Counts 5, 12 and 14 remain punishable under 21 U.S.C. Sec. 841(b)(1)(A); the Fair Sentencing Act does not reduce the applicable penalties for Counts 5, 12 and 14. (Dkt. 1337).

More specifically, the First Step Memorandum explains:

> According to the presentence investigation report (pg. 7, par. 37), Archer was the main source of supply of cocaine base to the Mathis organization, which distributed quantities of cocaine base of at least 1.5 kilograms weekly. During the nine months that the defendant participated in the conspiracy charged in Count 5, the defendant was accountable for at least 54 kilograms of cocaine base. Count 12 involved 36 kilograms of cocaine base, and Count 14 involved 24 kilograms of cocaine base, each as to this defendant. As each of these counts continue to be punishable by 21 U.S.C. Sec. (b)(1)(A), the Fair Sentencing Act does not reduce the applicable penalties.

In the Response, the Government argues that the U.S. Probation Office's Memorandum correctly states that Defendant Archer is not eligible for a sentence reduction, because the statutory penalties have not changed. Using either the PSR quantity (54 kilograms) or the Court's sentencing determination (72.7 kilograms), Defendant Archer's attributable drug quantity continues to exceed the 280-gram threshold required to trigger penalties under 21 U.S.C. Sec. 841(b)(1)(A).,

The Court notes that Defendant Archer previously requested a sentence reduction pursuant to the provisions of the Fair Sentencing Act, but the Court denied Defendant Archer's Motion. (Dkt. 1285). The Federal Defender explained why Amendment 750 would not result in a sentence reduction, the result of the amount of crack for which Defendant Archer was held accountable as well as Defendant Archer's prior convictions.

The Court notes that in other cases in which the Indictment does not set forth any drug quantities, the Court has considered the drug quantities determined at sentencing and the amount for which a defendant is held accountable in the PSR in determining eligibility for a sentence reduction under Section 404 of the First Step Act. **See United States v. Ford**, Case No. 3:97-CR-314-J20RJK, Dkt. 480 (M.D. FL July 31, 2019)(denying relief because attributable drug weight does not modify statutory penalty); **United States v, Wilson**, Case No. 8:07-CR-399-T-17TGW, Dkts. 55, 60) (M.D. FL June 27, 2019).

After consideration, the Court concludes that Defendant Archer is not eligible for a sentence reduction under Section 404 of the First Step Act of 2018 because retroactive application of the Fair Sentencing Act does not reduce the applicable penalties. Accordingly, it is

**ORDERED** that Defendant Levine Archer's Motion to Reduce Sentence Pursuant to the First Step Act of 2018 (Dkt. 1339) is **denied**.

**DONE and ORDERED** in Chambers in Tampa, Florida on this 14th day of November, 2019.

ELIZABETH A. KOVACHEVICH
Senior United States District Judge

Copies to:
All parties and counsel of record